Judgment affirmed, with costs, upon the authority of *Piggot* v. *Mason* (1 Paige, 412); *Chretien* v. *Doney* (1 N. Y. 419); *Swan* v. *Inderlied* (187 id. 372). All concur.

LAWRENCE SCHNEIDER, Appellant, v. HODGKINS-FIELDS HARDWARE COMPANY, INC., Respondent.— Judgment affirmed, with costs. New trial in Municipal Court of city of Dunkirk to be held on the 6th day of January, 1921, at ten o'clock A. M. All concur.

HELEN BUSCHALEWSKI, as Administratrix, etc., of BRONISLAUS BUSCH-ALEWSKI, Deceased, Respondent, v. THE DIRECTOR GENERAL OF RAIL-ROADS, Appellant.— Judgment and order affirmed, with costs. All concur.

JAMES A. KELLY and Another, Respondents, v. JAMES A. ROWAN, Appellant.— Judgment and order affirmed, with costs. All concur.

MEYER MARCUS, Respondent, v. E. BERT HENSHAW, Appellant.— Judgment and order affirmed, with costs. All concur.

WILLIAM N. BELL, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Order affirmed, with costs. All concur.

ANNA ALLEN, as Administratrix, etc., of LEGRANDE ALLEN, Deceased, Respondent, v. WALKER D. HINES, Director General of Railroads, Appellant. — Judgment and order reversed and new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $10,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party. Held, that the verdict is against the weight of the evidence upon the question of damages and is excessive. *All concur.*

DANIEL GRIFFITHS, Respondent, v. WALKER D. HINES, Director General of Railroads, Appellant.— Judgment and order affirmed, with costs. All concur.

FREDERICK H. ELTER, Respondent, v. HERBERT L. LARZELERE, Appellant. — Judgment and order affirmed, with costs. All concur; Clark, J., not sitting.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING M. WEISS, Relator, v. JOHN H. GIBBONS, Mayor, and Others, Composing the Common Council of the City of Lackawanna, Respondents.— Writ of certiorari sustained, determination of the common council of the city of Lackawanna in rejecting the relator's claim annulled and set aside, with ten dollars costs and disbursements to the relator, upon the ground that no question of fact is presented by the return, and that upon the undisputed facts stated in the petition and moving papers the relator is entitled to have his claim audited and allowed, and the claim is remitted to the common council with directions to audit and allow the same. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK RYSZKA, Relator, v. JOHN H. GIBBONS, Mayor, and Others, Composing the Common Council of the City of Lackawanna, Appellants.— Writ of certiorari sustained, determination of the common council of the city of Lackawanna in rejecting the relator's claim annulled and set aside, with ten dollars costs and disbursements to the relator, upon the ground that no question of fact is pre-

sented by the return and that upon the undisputed facts stated in the petition and moving papers the relator is entitled to have his claim audited and allowed, and the claim is remitted to the common council with directions to audit and allow the same.   All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CORNELIUS P. DOWNEY, Respondent, v. JOHN H. GIBBONS, Mayor of the City of Lackawanna, and Others, Appellants.— Judgment and order reversed, with costs, upon the ground that mandamus is not the proper remedy.   All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAY R. GILSON, Relator, v. JOHN H. GIBBONS, Mayor, and Others, Defendants.— Writ of certiorari dismissed and determination of the board of police affirmed, with ten dollars costs and disbursements to the defendants.   Held, we think that the evidence in this record is insufficient to warrant the removal of the relator because of misconduct growing out of the strikes, but that there is sufficient evidence upon some of the other charges to make a question of fact for the board and we feel that we are bound by their decision upon those questions, and, therefore, the writ should be dismissed.   All concur, except Lambert, J., who dissents.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID GERN-STEIN, Appellant.— Judgment of conviction affirmed.   All concur, except Lambert and Clark, JJ., who dissent upon the grounds: *First,* that it was reversible error for the court to admit evidence of the declarations of one Cassidy for the purpose of establishing that the defendant entered into a conspiracy to commit the crime set forth in the indictment.   It was not alleged as one of the acts or means by which the crime was committed. *Second,* that it was error for the court to refuse to charge that the defendant could not be convicted of the crime of burglary, third degree, for breaking out of the Fitzmaurice building, under a charge in the indictment that the crime of burglary was committed by means of breaking in.   *Third,* that it was error for the court to refuse to charge that the defendant could not be convicted of the crime of burglary, third degree, for entering the building by means of threat or artifice, under the indictment which charged breaking into the building as the only means and act constituting the crime of burglary in the third degree.

LAWYERS' CO-OPERATIVE PUBLISHING COMPANY, Respondent, v. ISADORE N. GORDON, Appellant.— Motion to dismiss appeal granted, unless appellant shall file and serve printed papers on appeal and printed briefs on or before the 3d day of January, 1921, and be ready to argue the appeal during the second week of the January term.